**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvira Fernandez, individually and as Co-Personal Representative of the Estate of Daniel Frank Rodriguez; Frank Rodriquez, individually and as Co-Personal Representative of the Estate of Daniel Frank Rodriguez,<br><br>Plaintiffs,<br><br>vs.<br><br>City of Phoenix; Richard Allen Chrisman,<br><br>Defendants. | CV 11-02001-PHX-FJM<br><br>**ORDER** |

We have before us Chrisman's motion to stay (doc. 46), plaintiffs' response (doc. 57), and Chrisman's reply (doc. 59).

On October 5, 2010, Chrisman, then a Phoenix police officer, allegedly shot and killed plaintiffs' son and his dog. Chrisman was charged the next day with second degree murder, aggravated assault, and animal cruelty. The criminal case, which has been continued many times and has been designated complex, is set for trial on August 8, 2012.[1] Plaintiffs filed this action on August 31, 2011. A Rule 16 Scheduling Order was issued on January 13, 2012 (doc. 13). The deadline for plaintiffs' expert disclosures has passed. Discovery will close on September 14, 2012. A firm civil trial date is set for April 16, 2013.

---

[1] According to the criminal docket, this appears to be the sixth trial setting.

     There is no requirement that all civil proceedings must be stayed pending the outcome of a related criminal case. Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). A criminal defendant "has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." Id. at 326. Not only may the civil and criminal actions proceed concurrently, but a trier of fact in the civil action can draw adverse inferences if the Fifth Amendment is invoked. Id. The decision whether to stay an action is made on a case-by-case basis. Id. In making this determination, we consider the extent to which Fifth Amendment rights are implicated, and also generally consider

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Id. at 325. Defendant concedes that the interests of non-parties is not an issue here, but argues that the remaining factors support staying this action.

     Chrisman's Fifth Amendment rights might be implicated in the civil proceeding. Both this action and the criminal charges Chrisman faces arise out of the circumstances of the shooting. And plaintiffs have already noticed Chrisman's deposition.

     Implication of Fifth Amendment rights is only one of the factors to consider. Id. at 326. In this case, plaintiffs have an interest in proceeding expeditiously. Their son died over a year and a half ago. It is impossible to predict when Chrisman's criminal case will conclude. It has already been pending eighteen months, and there is no guarantee that the August 2012 trial date is firm. Indeed, Chrisman has repeatedly waived his Arizona speedy trial rights under Rule 8, Ariz. R. Crim. P. and requested continuances of his trial date. See Response, exs. B-F. His latest motion to continue the criminal trial was granted on March 14, 2012, only a few weeks before he filed the motion to stay. Response, ex. F. If Chrisman is convicted and decides to appeal, his Fifth Amendment rights may be implicated for significantly longer. See Arries v. Univ. OB/GYN, LLC, CV-10-08219-PCT-NVW, 2012

1  WL 896355, at *2 (D. Ariz. Mar. 16, 2012).  Delay frustrates plaintiffs' chance to be made
2  whole in a reasonable period of time.  An indefinite stay serves neither plaintiffs' nor this
3  court's interests.
4        Contrary to Chrisman's argument, this action is not in its infancy.  A scheduling
5  conference was held four months ago.  Discovery will close in less than four months.
6  Moreover, Chrisman has actively participated in this litigation.  He participated in the
7  scheduling conference (doc. 12), served his initial disclosure statement (doc. 14), answered
8  the complaint (doc. 29), and filed a dispositive motion on the state law claims (doc. 33).  On
9  balance, the circumstances of this case counsel against the issuance of a stay.  In particular,
10 this action is in the heart of discovery and the timing of the criminal trial is uncertain, in part
11 due to Chrisman's repeated requests for continuances.
12       Although we appreciate the dilemma Chrisman faces as to whether to invoke his Fifth
13 Amendment rights, we note that the Rule 16 scheduling order offers him the flexibility to
14 avoid making this choice.  By Chrisman's own design, his criminal trial is set for August 8,
15 2012.  Discovery in this action will not close until September 14, 2012.  Chrisman could
16 decide not to seek further continuances in his criminal case, go to trial in August, and
17 schedule his deposition after his trial and before discovery closes.  We encourage the parties
18 to work together to reach an amenable solution, subject as always to the Rule 16 scheduling
19 order, which controls the pace of litigation.
20       However, if Chrisman chooses to further delay his criminal case, he will face the
21 possibility of electing to invoke his Fifth Amendment rights here and inviting an adverse
22 inference.  That decision rests not with the court, but with Chrisman.
23       **IT IS ORDERED DENYING** Chrisman's motion to stay (doc. 46).
24       DATED this 25th day of May, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge