**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvira Fernandez, individually and as Co-Personal Representative of the Estate of Daniel Frank Rodriguez; Frank Rodriquez, individually and as Co-Personal Representative of the Estate of Daniel Frank Rodriguez,<br><br>    Plaintiffs,<br><br>vs.<br><br>City of Phoenix; Richard Allen Chrisman,<br><br>    Defendants. | CV 11-02001-PHX-FJM<br><br>**ORDER** |

We have before us Richard Chrisman's motion for judgment on the pleadings as to state law claims (doc. 33), plaintiffs' response (doc. 41), and Chrisman's reply (doc. 50). Chrisman conceded in his reply that he meant to file a motion for summary judgment pursuant to Rule 56, Fed. R. Civ. P. Accordingly, we treat his motion as such.

**I**

The material facts are undisputed. Plaintiffs' son was shot and killed on October 5, 2010. Plaintiff Fernandez attempted to serve Chrisman with a notice of claim on March 23, 2011. A process server visited Chrisman's home on March 23, 2011 twice, but no one answered the door. No one answered the door during the server's March 24, 2011 visit. On March 25, 2011, the server observed a female (thought to be Maria Moreno, Chrisman's

1  significant other) leave the house in a car. After following the woman to a parking lot, the
2  server approached her and called her by name. She confirmed that she was Maria Moreno,
3  was told she was being served, but refused to accept the papers. The server left these on the
4  seat of her car. A second process server attempted service at Chrisman's home on March 30,
5  2011. The server could hear a television inside and could see lights on. He knocked for
6  more than fifteen minutes, but no one answered. He returned the next day and knocked
7  several times. A woman opened the door, confirmed that this was Chrisman's residence, but
8  stated that Chrisman was unavailable. She took the notice of claim papers, but refused to
9  give her name or confirm whether she lived there. The server watched a man scurry down
10 the hallway.

11 Plaintiff Rodriquez's process server attempted to serve Chrisman at his home four
12 times between March 31, 2011 and April 3, 2011. She finally served Chrisman with the
13 notice of claim when he appeared for a hearing in his criminal case on April 25, 2011.[1]

## II

15 In Arizona, individuals with claims "against a public entity or a public employee shall
16 file claims with the person or persons authorized to accept service for the public entity or
17 public employee as set forth in the Arizona rules of civil procedure within one hundred
18 eighty days after the cause of action accrues." A.R.S. § 12-821.01(A). It is undisputed that
19 plaintiffs' cause of action accrued on October 5, 2010. It is also undisputed that Chrisman
20 was not served with the notice of claim until April 25, 2011, more than 180 days after
21 October 5, 2010. Thus, Chrisman argues that he is entitled to summary judgment on

---

[1] It is troubling that Chrisman's affidavit, submitted with his motion, affirmed under penalty of perjury that he had "never been served with Frank Rodriguez' [sic] Notice of Claim." Mot., ex. A. However, in his reply, he notes that he "does not dispute Plaintiff's [sic] recitation of the facts found in Plaintiff's [sic] response," Reply at 2, which affirmatively states that Chrisman was served with Rodriquez's notice of claim on April 25, 2011. Response at 5.

- 2 -

1 plaintiffs' state law claims because a notice of claim was not timely filed.[2]

2 Plaintiffs first argue that A.R.S. § 12-821.01(A) does not require a notice of claim to be filed with a public employee when a notice has already been filed with the public entity. Both Arizona courts and courts in this District have squarely held that a person asserting claims against both a public entity and a public employee must serve a separate notice of claim on the employee. See, e.g., McGrath v. Scott, 250 F. Supp. 2d 1218, 1236 (D. Ariz. 2003); Crum v. Superior Court, 186 Ariz. 351, 352, 922 P.2d 316, 317 (Ct. App. 1996); Johnson v. Superior Court, 158 Ariz. 507, 509, 763 P.2d 1382, 1384 (Ct. App. 1988). Plaintiffs urge us to reject these holdings, arguing that Johnson was wrongly decided.

We disagree. If it was sufficient for a party with a claim against a public employee to simply file a notice of claim with the public entity, then the inclusion of the words "or public employee" in A.R.S. § 12-821.01(A)'s command that a notice of claim must be filed "with the person or persons authorized to accept service for the public entity or public employee" would be meaningless. See Johnson, 158 Ariz. at 509, 763 P.2d at 1384. We are not persuaded that Johnson and its progeny incorrectly held that A.R.S. § 12-821.01(A) requires the filing of a separate notice of claim with a public employee.

Next, plaintiffs argue that A.R.S. § 12-821.01(A) does not apply to Chrisman because he is no longer a public employee. The notice of claim statute applies to "claims arising out of acts by public employees in the scope of their employment." McCloud v. State, 217 Ariz. 82, 90, 170 P.3d 691, 699 (Ct. App. 2007). Plaintiffs allege that Chrisman "was acting within the course and scope of his employment" as a Phoenix police officer at the time he shot and killed their son (doc. 27 ¶ 10). Thus, because plaintiffs' claims against Chrisman arise from actions taken in the course of his employment, a notice of claim is required. See Nored v. City of Tempe, 614 F. Supp. 2d 991, 998 (D. Ariz. 2008) (rejecting argument that notice of claim not required because defendant police officer was no longer a public

---

[2] The amended complaint asserts two state law claims: count five (negligence) and count six (gross negligence) (doc. 27).

- 3 -

1  employee at the time notice of claim was served on the defendant public entity).

2  If a person fails to strictly comply with the notice of claim requirements, the claim is
3  barred. See A.R.S. § 12-821.01(A) ("[a]ny claim which is not filed within one hundred
4  eighty days after the cause of action accrues is barred"); Lee v. State, 218 Ariz. 235, 237, 182
5  P.3d 1169, 1171 (2008). Nevertheless, Arizona courts apply the doctrine of equitable tolling
6  to the notice of claim statute. Kosman v. State, 199 Ariz. 184, 186, 16 P.3d 211, 213 (Ct.
7  App. 2000) (material issue of fact as to whether 180 day time limit should be equitably tolled
8  precluded entry of summary judgment); see also Jones v. Cochise Cnty., 218 Ariz. 372, 379,
9  187 P.3d 97, 104 (Ct. App. 2008) (citing Pritchard v. State, 163 Ariz. 427, 432, 788 P.2d
10 1178, 1183 (1990)) (notice of claim statute is subject to equitable tolling). Equitable tolling
11 applies to extraordinary circumstances rather than cases of "garden variety" neglect. Little
12 v. State, 225 Ariz. 466, 472, 240 P.3d 861, 867 (Ct. App. 2010) (citation omitted).

13 Plaintiffs argue that Chrisman's continuous efforts to evade service prevented their
14 timely filing of the notice of claim. Chrisman argues that his conduct is irrelevant, because
15 plaintiffs could have simply mailed the notice. It is true that plaintiffs could have mailed
16 their notice of claim and presented proof of proper mailing as evidence of actual receipt.
17 Lee, 218 Ariz. at 239, 182 P.3d at 1173; see also Reeves v. City of Show Low, CV-08-8157-
18 PCT-PGR, 2009 WL 1125414, at *2 (D. Ariz. Apr. 27, 2009). But given the circumstances,
19 plaintiffs' failure to mail the notice does not preclude them from qualifying for equitable
20 tolling.

21 Plaintiffs attempted to serve Chrisman with the notice of claim within the 180 day
22 period. Indeed, it is undisputed that plaintiffs made at least nine attempts to serve Chrisman
23 before he was finally served on April 25, 2011. This includes the March 30, 2011 attempt,
24 wherein the server left the notice of claim papers with a woman at Chrisman's residence. The
25 woman refused to confirm both her name and whether she lived there. Chrisman also admits
26 that process servers visited his home on several other occasions during the 180 day period
27 while people were home, but no one answered the door. Thus, the undisputed facts show not
28 only plaintiffs' diligence in attempting to timely serve Chrisman, but also attempts to avoid

1  timely receipt of the notice of claim. Perhaps all this could have been avoided if plaintiffs
2  had elected to mail the notice of claim. However, their decision to personally serve the
3  notice rather than mail it was only rendered untimely due to the actions of Chrisman and
4  others inside his home. Moreover, Chrisman admits that he was served on April 25, 2011,
5  less than one month after the deadline. Equity counsels against rewarding a defendant for
6  engaging in evasive conduct to keep from receiving a timely notice of claim. This is the kind
7  of extraordinary circumstance that warrants equitable tolling.

8  Finally, Chrisman's motion for summary judgment does not comply with LRCiv 56.1.
9  He failed to submit a separate statement of facts. Although we have resolved the motion on
10 the merits, this procedural non-compliance provides an independent ground for its denial. See
11 LRCiv 56.1(a) ("A failure to submit a separate statement of facts. . . may constitute grounds
12 for the denial of the motion.").

### III

14 **IT IS ORDERED DENYING** Richard Chrisman's motion for summary judgment
15 (titled judgment on the pleadings) as to state law claims (doc. 33).

16 The parties are reminded that pursuant to the Rule 16 scheduling order, a party "shall
17 file no more than one motion for summary judgment unless leave of Court is obtained" (doc.
18 13 at 3).

19 DATED this 1st day of June, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge