**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Elvira Fernandez, individually and as Co-Personal Representative of the Estate of Daniel Frank Rodriguez; Frank Rodriquez, individually and as Co-Personal Representative of the Estate of Daniel Frank Rodriguez,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>Richard Allen Chrisman,<br><br>　　　　　Defendant. | CV 11-02001-PHX-FJM<br><br>**ORDER** |

　　　The court has before it plaintiffs' motion to exclude testimony of William Lewinksi (doc. 78), defendant's response (doc. 80), and plaintiffs' reply (doc. 81).[1]

　　　This action arises from an incident in which former police officer Richard Chrisman shot and killed plaintiffs' son while on duty. Our Rule 16 Scheduling Order set plaintiffs' expert disclosure deadline as May 14, 2012 and defendant's expert disclosure deadline as June 14, 2012. The rebuttal expert deadline for both parties was July 13, 2012 (doc. 13 at 2). We ordered that expert disclosures "shall also include all of the disclosures required by Fed. R. Civ. P. 26(a)(2)(B)." Id. The parties were required to finally supplement all

---

[1] Defendant's response exceeds this Court's two-page limit on discovery motions, responses, and replies.

1  discovery, including material changes in expert witness opinions and disclosures, by August
2  14, 2012. Id.
3        Plaintiffs disclosed their expert on May 14, 2012.  Plaintiffs' expert opines whether
4  Defendant's actions were consistent with police officer training. On June 14, 2012, defendant
5  disclosed William Lewinski as a human performance/factors expert who will opine that
6  defendant's actions were appropriate.  The disclosure listed general subject areas Lewinski
7  would address, including decision making and perception, but did not include a report. Mot.,
8  ex. A.  On July 10, 2012, defendant disclosed a document titled "July 10, 2012 Rebuttal
9  Expert Opinion of Dr. William Lewinski." Mot., ex. B.  The document, in its entirety, states
10 that

> Mr. Lewinski reviewed the following materials pertinent to this litigation:
>
> 1. Phoenix Police Department Report and supplemental reports;
> 2. Coroner Report;
> 3. Interview of Defendant Richard Chrisman.
>
> Mr. Lewinski will testify regarding his opinion that the use of force employed by Defendant Richard Chrisman was appropriate to the circumstances and thereby justified. The level of force was based on perceived threat and vulnerability. The force used was in response to that threat and the perceived level of that threat. Mr. Lewinski reserves the right to amend and/or add to his opinion if and when additional information is provided in the context of this litigation.

18 Id.  The next day, defendant disclosed Dr. Lewinski's expert report. Mot., ex. D.  The
19 opinion section of the report, in its entirety, reads as follows:

> REPORT:
>
> PURPOSE:
> I was asked to utilize my particular fields of expertise to analyze the circumstances, which form the basis of this lawsuit and to provide those conclusions and opinions that are reliably supported, to a high degree of scientific certainty, by established and accepted standards.
>
> CONCLUSION:
> Opinion: The use of force employed by Officer Chrisman was appropriate to the circumstances and thereby justified. The level of force he used was based on his perceived threat and vulnerability. The force used was in response to that threat and the perceived level of that threat.

27 Id. Defendant did not move for an extension of his expert disclosure deadline.
28       Defendant concedes that Lewinski's July 11, 2012 report was disclosed nearly a month

- 2 -

late. This is not, however, its only deficiency. As pertinent here, Rule 26(a)(2)(B), Fed. R. Civ. P. requires that an expert report contain "a complete statement of all opinions the witness will express and the basis and reasons for them," as well as information concerning the expert's compensation. Id. If a party fails to provide information required by Rule 26(a), Fed. R. Civ. P., the improperly disclosed evidence is excluded unless the improper disclosure was either substantially justified or is harmless. See Fed. R. Civ. P. 37(c)(1); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). The burden to show justification or harmlessness is on the party seeking to avoid sanctions. Id. at 1107.

There is no question that Lewinski's July 11, 2012 report is deficient. It does not contain any information concerning Lewinski's compensation. And it is completely devoid of any discussion of the basis and reasons for Lewinski's opinion that defendant's use of force was appropriate based on a perceived threat. The report does not even describe what threat Lewinski believed that defendant was perceiving, much less how his use of force (which is not described) was justified given that threat. Thus, the report, in addition to being untimely, also fails to satisfy Rule 26(a)(2)(B), Fed. R. Civ. P. Lewinski's purported rebuttal expert report of July 10, 2012 is similarly deficient. It lacks the information required by Rule 26(a)(2)(B), Fed. R. Civ. P., and does not even purport to list what opinions of plaintiffs' expert Lewinski is rebutting.

Defendant offers no reason for the report's untimely disclosure, and offers no reason why the report is substantively deficient. He argues that his failure to timely disclose Lewinski's report is harmless, because Lewinski's identity was timely disclosed, offering plaintiffs the opportunity to depose him. Defendant notes that this case is not set for trial until April 16, 2013, and reasons that plaintiffs "have plenty of time to review and absorb Dr. Lewinski's opinions." Resp. at 4. We disagree. Defendant's disclosure of the July 11, 2012 report, just two days before the rebuttal expert deadline, deprived plaintiffs of a meaningful opportunity to retain an expert to rebut Lewinski's opinions. Permitting the late disclosure without providing plaintiffs the opportunity to secure a rebuttal expert would not be harmless. Moreover, permitting plaintiffs with the opportunity to secure a rebuttal expert

1 now would require a re-shifting of the remaining deadlines in the scheduling order, as the
2 final supplementation deadline has passed and the discovery deadline is quickly approaching.
3 Finally, Lewinski's report, in its current state, lacks substance.  Because Lewinski offers a
4 conclusory opinion with no insight into his analysis, there is not much for plaintiffs to
5 "review and absorb."  Resp. at 4.  Neither party has indicated that a report containing the
6 reasons for Lewinski's opinions has been provided to plaintiffs.  Thus, we would also need
7 to provide defendant with even more time to disclose an expert report that complies with
8 Rule 26(a)(2)(B), Fed. R. Civ. P.  It has already been almost three months since defendant's
9 deadline passed.

10 Defendant has offered no reason why his expert's report was both untimely and
11 substantively deficient.  And the July 10, 2012 "rebuttal" report does not even address what
12 opinions Lewinski is purporting to rebut.  Neither the lateness nor the deficient content of
13 Lewinski's reports is substantially justified or harmless.  Under these facts, exclusion of
14 Lewinski's testimony under Rule 37(c)(1), Fed. R. Civ. P. is appropriate.  See Yeti, 259 F.3d
15 at 1106.

16 **IT IS ORDERED GRANTING** plaintiffs' motion to exclude testimony of William
17 Lewinksi (doc. 78).

18 DATED this 13th day of September, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge