1   **WO**

2

3

4

5

6             IN THE UNITED STATES DISTRICT COURT

7              FOR THE DISTRICT OF ARIZONA

8

| | |
|---|---|
| 9  Elvira Fernandez, et al., | No. CV 11-02001-PHX-FJM |
| 10        Plaintiffs, | **ORDER** |
| 11  vs. | |
| 12  City of Phoenix, et al., | |
| 13 | |
| 14        Defendants. | |
| 15 | |

16

17      Before the court is plaintiffs' motion for summary judgment (doc. 90), defendant

18  Chrisman's response (doc. 100), plaintiffs' reply (doc. 103), defendant's sur-reply (doc. 106),

19  and plaintiffs' motion for leave to file a response to defendant's sur-reply and proposed

20  response (doc. 110).  We also have before us defendant's motion to amend admissions

21  pursuant to Fed. R. Civ. P. 36(b) (doc. 93), plaintiffs' response (doc. 96), and defendant's

22  reply (doc. 98).

23      Plaintiffs' motion to respond to defendant's sur-reply is GRANTED (doc. 110).  The

24  clerk shall file the response appended to plaintiff's motion.

25                          **I**

26      Plaintiff Elvira Fernandez called 911 on October 5, 2010, following an argument with

27  her son, Daniel Frank Rodriguez.  Phoenix Police Officers Richard Chrisman and Sergio

28  Virgillo arrived at the trailer that Daniel shared with his mother.  Fernandez, who was by this

1   time at a neighbor's trailer, told the officers that Daniel had not hurt her, had no weapons,

2   and was in the neighboring trailer alone.  She asked the officers to help resolve the dispute

3   by asking Daniel to leave.  The officers knocked on Daniel's door, and when no one

4   answered, the officers entered.  Daniel immediately demanded that the officers leave.  In

5   response, Chrisman placed the muzzle of his gun against Daniel's temple.  In the ensuing

6   minutes, Chrisman re-holstered his gun, grabbed Daniel, spayed pepper spray into his eyes,

7   and used a Taser on him twice.  When Daniel's dog began barking, Chrisman shot the dog

8   twice, killing it instantly.  Daniel then attempted to leave the trailer, at which time Chrisman

9   aimed his gun at Daniel.  Daniel took a step back and put his hands up.  He had nothing in

10  his hands.  Chrisman shot Daniel twice in the chest, killing him.  The following day,

11  Chrisman was charged with second degree murder, aggravated assault, and animal cruelty.

12       Daniel's parents, Elvira Fernandez and Frank Rodriquez, filed this action against the

13  City of Phoenix and Chrisman, asserting Fourth Amendment violations under 42 U.S.C. §

14  1983 on behalf of Daniel, and wrongful death.  On June 20, 2012, the City was dismissed

15  from the case (doc. 71).

16                                              **II**

17       Plaintiffs served a Request for Admissions on April 18, 2012 ("Request").  Defendant

18  Chrisman did not respond.  Unanswered requests are deemed admitted and may be relied

19  upon as a basis for granting summary judgment.  Fed. R. Civ. P. 36(a)(3) ("A matter is

20  admitted unless, within 30 days after being served, the party to whom the request is directed

21  serves on the requesting party a written answer or objection addressed to the matter and

22  signed by the party or its attorney.").  Relying on Chrisman's deemed admissions, plaintiffs

23  filed their motion for summary judgment.  One week later, defendant moved to amend the

24  admissions, claiming that he had not received the Request.

25       We may permit withdrawal or amendment of admissions "if it would promote the

26  presentation of the merits of the action and if the court is not persuaded that it would

27  prejudice the requesting party in maintaining or defending the action on the merits."  Fed.

28  R. Civ. P. 36(b).  In deciding whether to permit amendment, we will consider factors such

1   as "whether the moving party can show good cause for the delay and whether the moving

2   party appears to have a strong case on the merits." Conlon v. United States, 474 F.3d 616,

3   625 (9th Cir. 2007).

4          Chrisman claims that good cause exists for his failure to respond because, although

5   his counsel received an email notice of service of the Request for Admissions, he did not

6   receive a hard copy of the Request and therefore was under no obligation to respond. Motion

7   to Amend Admissions at 2, 5.  Chrisman argues that permitting the amendment of the

8   admissions will promote the presentation of the case on its merits.  Nevertheless, he asserts

9   that if he is granted the opportunity to amend, he will invoke his Fifth Amendment privilege

10  in response to plaintiffs' questions, Response to MSJ at 2, ex. 100-3, which he argues will

11  "establish a genuine issue as to material facts, thus preventing the Plaintiffs from forming any

12  basis for summary judgment," id. at 3.

13         Chrisman's explanation does not constitute good cause.  Counsel conceded that his

14  office received an email notification of the Requests.  Counsel also acknowledged notice of

15  the Requests by referencing them in his Motion to Stay (doc. 46 at 2).  Although counsel

16  admittedly had notice of the Requests, he made no effort to inquire further.  Then on January

17  16, 2013, after the present motions became fully briefed, counsel notified the court that he

18  had discovered the Requests in his office (doc. 107).

19         Allowing an amendment to the deemed admissions would not promote the

20  presentation of the merits in this case.  Chrisman's failure to respond to the Requests is

21  consistent with his strategy throughout this litigation to delay or avoid answering questions

22  about the shooting under oath.  Chrisman has stated that in the event we allow amendment,

23  he will assert his Fifth Amendment rights and continue to refuse to answer plaintiffs'

24  questions, providing no evidence to create a factual issue, as he is required to do under Rule

25  56(e), Fed. R. Civ. P.

26         In addition, plaintiffs' case would be significantly prejudiced by the withdrawal of

27  defendant's deemed admissions.  Plaintiffs filed their motion for summary judgment on the

28  dispositive motion deadline.  See doc. 86.  Discovery has now closed and the case is set for

1   trial on April 16, 2013.  Plaintiffs will not have another opportunity to move for summary
2   judgment or to otherwise develop their case.

3       We conclude that defendant has not established good cause for his failure to respond
4   to the Request for Admissions.  Moreover, an amendment just to assert the Fifth Amendment
5   would be futile.  Defendant's failure to come forth with contradicting evidence would lead
6   to summary judgment anyway.  Therefore, IT IS ORDERED DENYING defendant's motion
7   to amend the deemed admissions (doc. 93).  Plaintiffs' Requests are deemed admitted.

8                                          **III**

9       Plaintiffs move for summary judgment on count 1 (Fourth Amendment unlawful
10  search), count 2 (Fourth Amendment excessive use of force), count 5 (negligent use of
11  deadly force), and count 6 (grossly negligent use of deadly force).[1]  Through the use of
12  defendant's deemed admissions, plaintiffs have established that no genuine issue of material
13  fact exists on any of these claims.  The same would be true if defendant were allowed to
14  amend to assert the Fifth Amendment.

15                                         **A**

16      Absent exigent circumstances or consent, a warrantless entry by a police officer into
17  an individual's home is an impermissible search under the Fourth Amendment.  United States
18  v. Perea-Rey, 680 F.3d 1179, 1185 (9th Cir. 2012).  Exigent circumstances exist to justify
19  a warrantless entry by police officers if the officers have a reasonable belief that their entry
20  is "necessary to prevent physical harm to the officers or other persons, the destruction of
21  relevant evidence, the escape of the suspect, or some other consequence improperly
22  frustrating legitimate law enforcement efforts."  Fisher v. City of San Jose, 558 F.3d 1069,
23  1075 (9th Cir. 2009) (citations omitted).

24      The undisputed facts show that Chrisman entered Daniel's trailer without permission
25  and without a reasonable basis to believe that Daniel posed a threat or was committing a

26

27      [1]Plaintiffs also asserted a claim in count 3 for violation of their constitutional right to
    be free from interference with their right to family society and companionship of Daniel.
28  They do not move for summary judgment on this count.

crime.  MSJ, ex. A ¶¶ 11,14-21.  Daniel told Chrisman that he owned the trailer, that Chrisman did not have permission to enter, and Chrisman was asked to leave.  Id. ¶¶ 10-13. In response, Chrisman drew his weapon and placed it against Daniel's temple.  Id. ¶¶ 32-34. These undisputed facts are sufficient to show that, by entering Daniel's trailer in the absence of consent or exigency, Chrisman violated Daniel's Fourth Amendment right to be free from unlawful searches.  Summary judgment is granted on count 1.

**B**

In count 2, plaintiffs assert a claim for violation of Daniel's Fourth Amendment right to be free from an excessive use of force.  In counts 5 and 6, plaintiffs assert that Chrisman's negligence and gross negligence in the use of excessive force caused Daniel's death.

An objectively unreasonable use of force violates the Fourth Amendment's prohibition against unreasonable seizures.  Torres v. City of Madera, 648 F.3d 1119, 1123-24 (9th Cir. 2011).  Similarly, A.R.S. § 13-410(C) permits the use of lethal force "only when the peace officer reasonably believes that it is necessary . . . [t]o defend himself or a third person from what the peace officer reasonably believes to be the use or imminent use of deadly physical force."

The undisputed evidence shows that Chrisman had responded to a report of an argument that had ended by the time Chrisman arrived at the scene.  Daniel's mother was at a neighbor's trailer and thus was in no danger.  Chrisman shot and killed Daniel although Daniel was unarmed and posed no threat to the officers or others, but instead had both of his hands in the air as he stepped away from Chrisman.  MSJ, ex. A ¶¶ 22-25.  Chrisman's use of deadly force in such circumstances was clearly unreasonable and violated both federal and state law.  Summary judgment is granted on count 2 (Fourth Amendment unlawful seizure), count 5 (negligent use of deadly force), and count 6 (grossly negligent use of deadly force).

**IV**

Even if we were to allow defendant to amend his admissions, we would nevertheless grant plaintiffs' motion for summary judgment.  Chrisman has stated that if allowed to amend his admissions, he would assert his Fifth Amendment privilege and refuse to answer

plaintiffs' questions.  In that case, we would draw an adverse inference from the privilege assertion and summary judgment would be granted on that basis.

"When a party asserts the privilege against self-incrimination in a civil case, the district court has discretion to draw an adverse inference from such assertion." <u>Nationwide Life Ins. Co. v. Richards</u>, 541 F.3d 903, 911 (9th Cir. 2008) (internal citations omitted). Where the issue about which the defendant is silent is central to the case, a negative inference is appropriate because a "decision not to draw the inference poses substantial problems for an adverse party who is deprived of a source of information that might conceivably be determinative in a search for the truth." <u>Id.</u>  A negative inference should be drawn when "there is a substantial need for the information and there is not another less burdensome way of obtaining that information." <u>Id.</u> at 912.  However, "the inference may be drawn only when there is independent evidence of the fact about which the party refuses to testify." <u>Id.</u>; <u>see also</u> <u>SEC v. Colello</u>, 139 F.3d 674, 678 (9th Cir. 1998) (adverse inference permissible where other evidence corroborated facts about which defendant refused to testify).

Here, the allegations to which Chrisman refuses to respond are central to the case as they specifically relate to Chrisman's knowledge of the events surrounding his decision to use deadly force against Daniel.  In addition, independent evidence exists in the form of Officer Virgillo's testimony that Daniel had nothing in his hands and posed no threat that would have justified the use of deadly force.  <u>Reply to MSJ</u>, ex. A at 52, 56-57.  This testimony independently demonstrates that the shooting was objectively unreasonable. Chrisman cannot show that he would be prejudiced by the adverse inference where there is ample independent evidence of his culpability.  Therefore, if Chrisman were permitted to amend his admissions and assert the Fifth Amendment, the drawing of an adverse inference would be appropriate.

**V**

In conclusion, plaintiffs are entitled to summary judgment both on the basis of the deemed admissions and the adverse inference that would otherwise be given to Chrisman's assertion of his Fifth Amendment right.

1    **IT IS ORDERED GRANTING** plaintiffs' motion for leave to file a response (doc.

2    110).

3    **IT IS ORDERED DENYING** defendant's motion to amend his admissions (doc. 93).

4    **IT IS ORDERED GRANTING** plaintiffs' motion for summary judgment on counts

5    1, 2, 5 and 6 (doc. 90).

6    Trial on the remaining issues, including damages, is set for April 16, 2013.

7    DATED this 5th day of March, 2013.

8

9    _Frederick J. Martone_

10   Frederick J. Martone
     Senior United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28